*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR and HALL—4.

*For affirmance*—Justices JACOBS and SCHETTINO—2.

JOHN R. SAHULCIK AND ERNEST GALL, PLAINTIFFS-RESPONDENTS, v. WALTER REED AND METAL POWDER CHEMICAL WORKS, INC., DEFENDANTS-PETITIONERS.

Argued April 26, 1966—Decided May 9, 1966.

On appeal from a judgment of the Superior Court, Appellate Division, where the following *per curiam* opinion was filed:

"This appeal grows out of an intersection automobile accident.

Plaintiff, Ernest Gall, was a passenger in a motor vehicle being driven by plaintiff, John R. Sahulcik, in a northerly direction on Grant Avenue, Plainfield. The defendant, Walter Reed, was driving south on Grant Avenue in a vehicle owned by defendant, Metal Powder Chemical Works, Inc. He attempted to make a left turn at the intersection of West 8th Street and Grant Avenue in front of plaintiffs' vehicle and a collision occurred.

As a result of the accident Sahulcik and Gall filed suit for damages against Reed and Metal Powder, and Metal Powder filed a counterclaim for property damage against Sahulcik. Defendants also demanded contribution from Sahulcik on any award in favor of Gall and against defendants.

The jury found only Sahulcik responsible for the accident and rendered a verdict of no cause for action on the plaintiffs' claims against defendants and a judgment of

$300 in favor of Metal Powder on its counterclaim against Sahulcik.

Our review of the record leads us to conclude that the jury's finding that defendant Reed was not negligent was against the weight of the evidence.

Reed testified as follows. He was driving south on Grant Avenue at a slow rate of speed intending to make a left turn at West 8th Street. When he was about thirty feet back from the intersection he saw the plaintiffs' vehicle about 800 feet away coming on Grant Avenue towards him. He proceeded to the intersection and saw two cars stopped on West 8th Street at the intersection, one facing east and the other west. Reed brought his vehicle to a halt and by hand signaled the drivers of the two cars to cross in front of him. The car facing west drove through the intersection first, and the car facing east then proceeded. After both cars had crossed, Reed then began his left turn without making any further observation as to the whereabouts of plaintiffs' car and the collision occurred. When pressed as to why he had not made a further observation for plaintiffs' car before attempting his left turn Reed said:

'I had noticed the man eight hundred feet away from me, all the way down, and I didn't think that anyone traveling at a normal rate of speed, could possibly descend on me in such a hurry that I would have to look for him again.'

Reed was unable to estimate how much time elapsed after he first saw plaintiffs' car, and while he brought his vehicle to a stop at the intersection, signaled the other two cars to cross in front of him, and then started to make his left turn.

Actually had Reed made a second observation he would have seen plaintiffs' car close to the intersection, for Reed had just started to make his turn when his left front was struck by plaintiffs' car.

The Motor Vehicle Act *N. J. S. A.* 39:4–90 provides that 'The driver of a vehicle within an intersection intend-

ing to turn to the left shall yield to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.'

When Reed attempted his left turn he knew plaintiffs' car was approaching from the opposite direction, but he did not know where it actually was, nor did he make any observation to find out. Under these circumstances the jury verdict absolving him of any fault was against the weight of evidence.

There was evidence from which a jury could have reasonably concluded that Sahulcik was negligent. However, the issues of Sahulcik's and Reed's negligence were to some extent interrelated, and since the jury went astray in finding that Reed's conduct did not add up to negligence, it would be incongruous to attempt to separate the finding as to liability, uphold part and reject the rest. The jury's error possessed the capacity to infect its entire verdict.

For the reasons herein stated, we conclude that justice will better be served by setting aside the verdict in its entirety and ordering a new trial as to all parties and all issues.

Remanded for proceedings in conformity herewith."

*Mr. Edward E. Kuebler* argued the cause for appellant.

*Mr. Sam Weiss* argued the cause for respondent (*Mr. Walter S. Pryga,* attorney).

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of the Appellate Division.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO.—6.

*For reversal*—None.